UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GARY S WOODS** | **CASE NO. 2:22-CV-02925** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMICA MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 6] filed by defendant Amica Mutual Insurance Company ("Amica") under Federal Rule of Civil Procedure 12(b)(5). Plaintiff opposes the motion. Doc. 11.

### I.
### BACKGROUND

This suit arises from damage to plaintiff's home in Lake Charles, Louisiana, in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Plaintiff alleges that his home was insured at all relevant times under a homeowner's policy issued by Amica and that Amica failed to timely and adequately compensate him for his covered losses. He filed suit in this court on August 19, 2022, raising claims of breach of insurance contract and bad faith. Doc. 1.

The court issued a summons for Amica on August 20, 2022. Doc. 3. Amica was served through the Louisiana Secretary of State on November 30, 2022. Doc. 4. On December 21, 2022, it filed this motion, seeking dismissal of the action on the grounds that it had not been served within the time constraints set forth under Federal Rule of Civil Procedure 4(m). Doc. 6, att. 1. Plaintiff opposes the motion, arguing that the late service should be excused based on extraordinary circumstances. Doc. 11.

## II.
## LAW & APPLICATION

### A. Legal Standards

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing. Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Rule 12(b)(5) allows for dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna Bus. Credit*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule

4(m)'s time limit, the court must extend the time to effect service for good cause shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed. R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

### B. Application

The ninety-day period under Rule 4(m) expired on November 17, 2022, thirteen days before service on Amica was accomplished. As justification for the delay, plaintiff's counsel cites the number of files handled by its office with the Hurricane Laura prescription period looming on August 27, 2022. Doc. 11, att. 1. It further argues that the motion should be denied due to the lack of prejudice to Amica. *Id.* Amica maintains, however, that plaintiff has failed to establish good cause and that it has been prejudiced due to the "inherently time-sensitive" nature of plaintiff's bad faith claims. Doc. 12, p. 4.

Office congestion and a rush to file do not establish the good cause required to mandate denial. However, the court finds here that its discretion is properly exercised in excusing the late service. Contrary to defendant's arguments, the court can find no prejudice based on the two-week delay and no other record of bad conduct on plaintiff's part justifying a sanction. Accordingly, the late service should be excused so that the case can proceed.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 6] will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on the 18th day of January, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE